**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ESCOBEDO ACERO,<br><br>　　　　　Petitioner,<br>v.<br>TERRY MCDONALD, Warden,<br><br>　　　　　Respondent. | Civil No.08cv1921 WQH (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[Doc. No. 1] |

　　David Escobedo Acero (Acero or Petitioner), a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2254. Petitioner contests his confinement on the basis that he was denied his fourteenth amendment due process right to a fair sentencing hearing because the trial court relied on a supplemental statement in aggravation that was untimely and consisted of incompetent evidence. Petitioner argues the sentence should be reversed and the matter remanded for a new sentencing hearing.

　　Respondent filed an Answer to the Petition. He contends that insofar as Petitioner claims that consideration of the supplemental statement in aggravation violated state law, that claim is not cognizable on federal habeas corpus. Regarding Petitioner's claim of a federal due process violation, Respondent argues that the state court's rejection of Petitioner's claim was not contrary to, nor an unreasonable application of, controlling United States Supreme Court law. Respondent asks the court to deny the Petition with prejudice and to deny any request for a certificate of appealability. For the following reasons, this court **RECOMMENDS** that the Petition be **DENIED**.

**PROCEDURAL BACKGROUND**

On August 25, 2006, the trial court sentenced Petitioner to a determinate term of eight years in state prison. Lodgment 1 at 135-136, 152. Petitioner filed an appeal with the California Court of Appeal, Fourth Appellate District, Division One.[1] Lodgments 3, 4. The court of appeal affirmed the judgment on February 26, 2008. Lodgment 5.

Petitioner filed a petition for review with the California Supreme Court. Lodgment 7. That court denied the petition without comment on May 14, 2008. Lodgment 8. Petitioner filed this Petition on October 23, 2008.

**RELEVANT FACTS**[2]

On November 14, 2005, a confidential source working for the Drug Enforcement Agency (DEA) arranged to purchase methamphetamine from co-defendant Mark Anthony Ramirez at a restaurant while under surveillance by DEA agents. The agents saw a truck driven by Martinez, in which Acero was a passenger, park at the restaurant and observed Martinez speak to Ramirez and the confidential informant. After the confidential informant gave Ramirez $275 in marked bills, Ramirez gave Martinez the money in exchange for .25 ounces of methamphetamine. DEA agents later stopped the truck and recovered the marked bills from Defendants, a digital scale from Acero and drugs hidden inside the engine compartment of the truck.

Defendants Juan Villasenor Martinez and David Escobedo Acero were charged with selling methamphetamine (count 1), possessing methamphetamine (count 2), transporting heroin (count 3), and possessing heroin for sale (count 4). It was also alleged that Defendants had previously been convicted of similar offenses, each had served three separate prison terms and each had a strike prior. Acero pleaded guilty to all charges and admitted the respective sentence enhancement allegations against him.

---

[1] On page 3 of the Petition, Petitioner states he filed a habeas corpus petition with the court of appeal. The record indicates, however, that his co-defendant filed the petition, and not Petitioner. Lodgment 6.

[2] Unless otherwise noted, this court quotes verbatim from the factual background of the court of appeal's opinion as to all facts pertaining to Petitioner. The court omits facts that pertain only to his co-defendant Martinez. Lodgment 5 at 2-3. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct"); *Sumner v. Mata*, 449 U.S. 539, 545-547 (1981) (deference is owed to factual findings of state trial and appellate courts); *Garvin v. Farmon*, 258 F.3d 951, 952 (9th Cir 2001) (paraphrasing facts from the state court opinion).

The day before the sentencing hearing, the People filed a supplemental statement in aggravation, indicating that sheriff's deputies searched Defendants' joint jail cell with a narcotics detecting dog and that the dog alerted on a piece of paper containing a black residue in Martinez's possession and a greeting card, with no identifying information. Sheriff's deputies opined that the paper contained black tar heroin and that the back of the greeting card had been soaked in methamphetamine. Although the information came from a sheriff's deputy, no report of the incident had yet been created.

At the sentencing hearing, the trial court denied Defendants' respective motions to dismiss their prior strike conviction allegations and sentenced each to a total of eight years in prison, consisting of the four-year midterm for count 3, doubled for the prior strike conviction.

## LEGAL STANDARD

**AEDPA Governs this Petition.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this Petition. *See Lindh v. Murphy*, 521 U.S. 320, 336-337 (1997). Under AEDPA, a federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the decision was (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002). "Clearly established federal law," for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

**Decisions That Contradict or Unreasonably Apply Federal Law.**

A federal habeas court may grant relief where the state court (1) decides a case "contrary to" federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may also grant habeas relief where a state court decision is an "unreasonable application" of federal law, such as where the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies those decisions to the facts at issue. *Id.*

The state court decision must be more than incorrect or erroneous; to warrant habeas relief the

state court's application of "clearly established federal law" must be "objectively unreasonable." *Lockyer*, 538 U.S. at 75.  "Objectively unreasonable" differs from "clear error" in that a federal court cannot grant habeas relief only because it believes that the state court erroneously or incorrectly applied "clearly established federal law;" the application must be objectively unreasonable. *Id.* at 75-76 (internal citation omitted).

**Decisions Based on an Unreasonable Determination of the Facts.**

Section 2254(e)(1) provides:  "A determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

**Review of the State Court Decision.**

If the state supreme court silently denies a petitioner's appeal with a summary dismissal, the reviewing federal habeas court must look through to the last reasoned state court opinion in making a decision. *See Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  Where no reasoned state court decision addresses a petitioner's claim, the reviewing federal court must conduct "an independent review of the record" to determine whether the state court's decision is objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

Here, the decision from the court of appeal is the last-reasoned state court decision that addresses Petitioner's claim.

**DISCUSSION**

**Petitioner's Claim Regarding Alleged Misapplication of State Law.**

Federal habeas corpus relief is available to correct violations of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

To the extent Petitioner may argue that consideration of the supplemental statement in aggravation violated state law, that claim is not cognizable on federal habeas corpus. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). *See, e.g.*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (stating that "federal habeas review of a state court's application of a [state sentencing standard] is limited, at most, to determining whether the state court's finding was so

arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation");  *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (holding that a state court's arbitrary disregard of a state sentencing law may violate due process); *Whalen v. United States*, 445 U.S. 684, 689 & n.4 (1980) (indicating that a violation of due process may exist where a state imposes a punishment in excess of that permitted by state law).

Here, the Petition and record do not show that Petitioner's sentence was fundamentally unfair. This Court, therefore, **RECOMMENDS** that the Petition be **DENIED** to the extent it claims a violation of state law.

**Petitioner's Claim that Consideration of the Statement Violated Federal Due Process Rights.**

Under narrow circumstances, the misapplication of state sentencing law may result in a due process violation. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992); *Ballard v. Estelle*, 937 F.2d 453, 456 (9th Cir. 1991). "[T]he federal constitutional question is whether [the error] is so arbitrary or capricious as to constitute an independent due process" violation. *Richmond*, 506 U.S. at 50; *see Christian*, 41 F.3d at 469 (petitioner must show fundamental unfairness in sentencing).

The state court of appeal agreed with Petitioner's objection that the information contained in the supplemental statement should not have been considered at sentencing because it was unsubstantiated. Lodgment 5 at 6. The appellate court found that the information in the supplemental statement was relayed from a sheriff's deputy to the prosecutor and was not supported by a sworn statement or an official report of the incident. *Id.* at 7. No laboratory analysis confirmed that the items found in Defendants' jail cell actually contained drugs. *Id.* The hearsay statements were not shown to be based on reliable information. *Id.* For these reasons, the appellate court found that the trial court erred when it relied on the aggravating statement for Petitioner's sentencing. *Id*.

The appellate court, however, affirmed the judgment and denied Petitioner's request to remand for resentencing. It found that it was not reasonably probable the trial court would have imposed a more favorable sentence for Petitioner, placed Petitioner on probation and/or placed him in a drug treatment program. *Id.* The appellate court determined that the trial court relied on the Defendants' respective criminal histories, and not the supplemental statement, when imposing the sentence. The court reasoned:

> At the commencement of Acero's change of plea hearing, the trial court indicated that it would consider Delancy Street [drug treatment program] placement, but '[r]ight now, the way things are, in consideration of your background, I'm not inclined to do that.' The written change of plea form indicated 'no deals' and that Acero understood that he faced 23 years in prison and the sentencing judge could consider his prior criminal history and the entire factual background of the case, including any dismissed or stricken charges or allegations when imposing sentence.
>
> At the sentencing hearing, defense counsel admitted that Acero had placed himself at the mercy of the court and that the court had 'graciously agreed to consider' the Delancy Street option. Thereafter, the trial court canvassed Acero's criminal history, nothing that he had been convicted 'time and again,' specifically in 1994, 1995, 1996 (first prison prior), 1998 (second prison prior) and 2001 (third prison prior) and had been on parole for less than two months when he committed the instant crime. After giving the matter much thought, the trial court concluded that Acero was not amenable to any form of treatment and that his request for Delancy Street placement was not genuine.

*Id.* at 7-8.

Here, there is nothing from which this court could conclude that the trial court imposed Petitioner's sentence in an arbitrary or capricious manner. The trial court did not select Petitioner's sentence at random or without reason. It stated its reasons on the record. Those reasons included Petitioner's criminal history and the fact that he had been on parole for less than two months when he committed the crime at issue. Moreover, the eight-year determinate sentence imposed was the presumptive mid-term and thus within the parameters of the state law. Based on these facts, and the trial court's recitation of Petitioner's criminal history in the record, the appellate court's finding that the trial court imposed the sentence based on Petitioner's criminal history, and not on the supplemental statement, was not arbitrary or capricious.

Though the appellate court found that the trial court had erred in considering the supplemental statement, it determined the error was harmless beyond a reasonable doubt. Habeas relief may be available for a harmless-error determination only where the court applies the harmless-error review standard in an objectively unreasonable manner. *Mitchell v. Esparza*, 540 U.S. 12, 18 (2003) (citing *Lockyer*, 538 U.S. at 75-77). Such an error is harmless when "it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id*. at 17-18 (2003) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)).

In California, the Determinate Sentencing Law "prescribes three precise terms of

imprisonment--a lower, middle, and upper term sentence." *Cunningham v. California*, 549 U.S. 270, 277 (2007). A court shall impose the middle term unless it determines there are circumstances in aggravation or mitigation of the offense. *Id.* Here, the trial court imposed the presumptive middle term. In imposing the presumptive middle term, the trial court did not determine any aggravating factors, such as those that would have stemmed from the information in the supplemental statement. Based on the absence of aggravating factors, the state appellate court's determination that consideration of the supplemental statement was harmless beyond a reasonable doubt is not arbitrary or capricious.

Petitioner cannot establish that the state court's determination on this issue is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Accordingly, this court **RECOMMENDS** that Petitioner's claim that his sentence was imposed in violation of his right to due process be **DENIED**.

## CONCLUSION

Petitioner has failed to show that the state courts' determinations were contrary to or an unreasonable application of clearly established federal law, or that they were based on an unreasonable determination of the facts. Therefore, this court **RECOMMENDS** that the Petition be **DENIED** in its entirety.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than *July 20, 2009*, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *July 27, 2009*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 29, 2009

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge